IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **PARIS HOLDER,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-21-3040 |
| **BLAIR TOWERS, LLC,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In this action, *pro se* Plaintiff Paris Holder sues Defendant Blair Towers, LLC, trading as The Pearl. ECF No. 1. Now pending before the Court is Defendant's Motion to Dismiss, ECF No. 5, which is unopposed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, the Court will grant the motion.

**I.    BACKGROUND[1]**

Plaintiff Holder filed the Complaint on November 29, 2021. ECF No. 1.[2] In the brief Complaint, Plaintiff alleges that Defendant filed an unlawful eviction action against her and that Defendant harassed her for rent money. *Id.* at 6. The Court granted *in forma pauperis* status to Plaintiff on December 7, 2021 and ordered Plaintiff to complete summons forms so that the U.S. Marshals could serve Defendant. ECF No. 3. Defendant filed the Motion to Dismiss on January 25, 2022. ECF No. 5. Because Holder is proceeding *pro se*, she was sent a Rule 12/56 Notice.

---

[1] All facts herein are taken from Plaintiff's Complaint, ECF No. 1, and presumed true.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

ECF No. 7.[3] The Notice was returned as undeliverable. ECF No. 12. Plaintiff has not responded to the Motion to Dismiss.[4]

## II.     STANDARD OF REVIEW

Defendant argues that the Complaint must be dismissed for lack of subject-matter jurisdiction and for failure to state a claim. *See* ECF No. 5.

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citation omitted). Once a challenge is made to subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving that the Court has subject-matter jurisdiction. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010). The court should grant a 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (citation omitted). In a 12(b)(1) motion, the court may consider evidence outside the pleadings to help determine whether it has jurisdiction over the case before it without converting the motion to one for summary judgment, *see id.*, but the court "must presume that the factual allegations in the complaint are true[,]" *Cash v. United States*, No. 12-cv-0563-WDQ, 2012 WL 6201123, at *3 (D. Md. Dec. 11, 2012) (citing *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004)).

---

[3] A Rule 12/56 Notice advises a *pro se* plaintiff of her rights under Federal Rule of Civil Procedure 12 and Federal Rule of Civil Procedure 56. It is Plaintiff's responsibility to ensure that a good address remains on file with the Court. *See* Loc. R. 102(b) (D. Md. 2021).

[4] As this Court has noted before, "'[w]hen a plaintiff fails to oppose a motion to dismiss, a district court is entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted in the motion.'" *Zos v. Wells Fargo Bank, N.A.*, No. 16-cv-00466-GJH, 2017 WL 221787, at *2 n.5 (D. Md. Jan. 18, 2017) (quoting *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016) (internal quotations and citations omitted)).

"A defendant may test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Maheu v. Bank of Am., N.A.*, No. 12-cv-508-ELH, 2012 WL 1744536, at *4 (D. Md. May 14, 2012) (citing *German v. Fox*, 267 Fed. Appx. 231, 233 (4th Cir. 2008)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating the sufficiency of Plaintiff's claims, the Court accepts factual allegations in the Complaint as true and construes the factual allegations in the light most favorable to the Plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). Self-represented litigants' pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank*, N.A., No. 10-cv-3517-DKC, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim.") (citation omitted), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

### III.   DISCUSSION

Defendant first alleges that this Court lacks jurisdiction over the suit. ECF No. 5 at 1. District courts have diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). The Court also has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Diversity jurisdiction does not exist in this action, as the parties are both citizens of Maryland. ECF No. 1 at 2; ECF No. 5 at 1. As for federal question jurisdiction, Plaintiff alleges that her suit is based on "federal violations." ECF No. 1-1 at 1.

Construing the Complaint liberally because of Plaintiff's *pro se* status, the Court infers that Plaintiff is alleging that Defendants' eviction notice was in violation of the nationwide eviction moratorium. *See* Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub L. 116-136, 134 Stat. 281; *see also* Temporary Halt in Residential Evictions to Prevent Further Spread of COVID-19 Order ("Halt Order"). The United States Supreme Court explained the eviction moratorium in a recent opinion:

> Among other relief programs, the [CARES] Act imposed a 120-day eviction moratorium for properties that participated in federal assistance programs or were subject to federally backed loans . . .
>
> When the eviction moratorium expired in July [2020], Congress did not renew it. Concluding that further action was needed, the CDC decided to do what Congress had not. The new, administratively imposed moratorium went further than its statutory predecessor, covering all residential properties nationwide and imposing criminal penalties on violators . . .
>
> The CDC's moratorium was originally slated to expire on December 31, 2020. But Congress extended it for one month as part of the second COVID–19 relief Act. As the new deadline approached, the CDC again took matters into its own hands, extending its moratorium through March, then again through June, and ultimately through July [2021] . . .
>
> The moratorium expired on July 31, 2021. Three days later, the CDC reimposed it.

*Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 141 S. Ct. 2485, 2486, 210 L. Ed. 2d 856 (2021) (internal citations omitted). In *Alabama Association of Realtors*, realtor associations and rental property managers sued to enjoin the CDC's extension of the eviction moratorium, arguing that the CDC lacked the authority to impose it. The District Court for the District of Columbia agreed but stayed its order pending appeal. *Id.* After first declining to lift

the stay because the CDC's moratorium would expire in just a few weeks, the Supreme Court later granted vacatur of the stay after the CDC reimposed the moratorium in August of 2021. *Id.* The Supreme Court noted that the CDC's extension of the moratorium "is unprecedented" and that the authorizing statute, 42 U.S.C. § 264(a), "is a wafer-thin reed on which to rest such sweeping power." After reasoning that "it is a stretch to maintain that [the statute] gives the CDC the authority to impose this eviction moratorium[,]" the Supreme Court decided:

> The equities do not justify depriving the applicants of the District Court's judgment in their favor. The moratorium has put the applicants, along with millions of landlords across the country, at risk of irreparable harm by depriving them of rent payments with no guarantee of eventual recovery. Despite the CDC's determination that landlords should bear a significant financial cost of the pandemic, many landlords have modest means. And preventing them from evicting tenants who breach their leases intrudes on one of the most fundamental elements of property ownership—the right to exclude[.]

*Id.* at 2489 (citing *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 432, 102 S. Ct. 3164, 3174, 73 L. Ed. 2d 868 (1982)). The Supreme Court concluded, "It is up to Congress, not the CDC, to decide whether the public interest merits further action here . . . If a federally imposed eviction moratorium is to continue, Congress must specifically authorize it." *Id.*

Here, the Complaint is nearly devoid of any factual allegations, and it is unclear when the eviction action against Plaintiff was filed. *See* ECF No. 1 at 6.[5] Regardless, the Supreme Court's decision, issued on August 26, 2021, effectively moots Plaintiff's claim. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 154, 136 S. Ct. 663, 665, 193 L. Ed. 2d 571 (2016), *as revised* (Feb. 9, 2016) (Article III requires "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed.") (internal quotations and citations omitted); *see also*

---

[5] Defendant has provided a copy of a writ of eviction issued on January 7, 2022. *See* ECF No. 5-2. The writ was issued by the District Court of Maryland for Montgomery County.

*Prop. Mgmt. Connection, LLC v. Consumer Fin. Prot. Bureau*, 2021 WL 5282075, at *6 (M.D. Tenn. Nov. 10, 2021) (reasoning persuasively that "other courts have concluded easily that the Supreme Court . . . resolved [the eviction moratorium] issue conclusively . . . , meaning that the Halt Order was definitely no longer in effect[.]"); *see, e.g.*, *Jackson v. Siegel Grp. LLC*, 2022 WL 1056149, at *9 (S.D. Miss. Feb. 25, 2022), *reconsideration denied*, 2022 WL 1019233 (S.D. Miss. Apr. 5, 2022) ("Based upon the Supreme Court's decision in *Alabama Association of Realtors*, Jackson's claim seeking to enforce the Halt Order is moot because the Supreme Court invalidated the CDC's nationwide eviction moratorium. Jackson thus no longer has a claim for its violation."). Thus, this Court lacks subject-matter jurisdiction. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72, 133 S. Ct. 1523, 1528, 185 L. Ed. 2d 636 (2013) ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot.") (internal citations and quotations omitted).

    Defendant also argues that Plaintiff has failed to state a claim.  ECF No. 5 at 3. Plaintiff's Complaint is only comprised of two conclusory allegations that "Defendant unlawfully filed an eviction action" and Defendant "harassed Plaintiff" and made "Plaintiff feel extremely uncomfortable" when requesting rent, with almost no other factual detail. ECF No. 1 at 6. Plaintiff has not responded to Defendant's Motion, so she has not countered any of Defendant's arguments. Thus, in addition to dismissal for lack of subject-matter jurisdiction, this action will also be dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons discussed, the unopposed Motion to Dismiss is **GRANTED**. A separate Order follows.

Dated:  June 28, 2022                                                             /s/_____
                                                                                                  GEORGE J. HAZEL
                                                                                                  United States District Judge